**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
CORDOBA INITIATIVE             )
CORPORATION,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 11-1541 (RWR)
                               )
ROBERT LESLIE DEAK, et al.,    )
                               )
          Defendants.          )
_____)
```

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Cordoba Initiative Corporation ("Cordoba") filed
this lawsuit against Robert Leslie Deak and his wife,
Moshira Soliman, alleging that Cordoba was the victim of fraud
when Deak misrepresented the value of a condominium unit in the
District of Columbia, sold it to Cordoba, and did not transfer
the title.  Deak and Soliman have moved to dismiss the complaint
for failure to state a claim, or in the alternative for summary
judgment.  Because Cordoba pled with sufficient particularity its
claims of fraud, breach of fiduciary duty, negligent
misrepresentation and constructive fraud, and unjust enrichment,
but failed to allege a cognizable claim in the count alleging
"misrepresentation," Cordoba's motion to dismiss will be granted
in part and denied in part.

<u>BACKGROUND</u>

Cordoba is a non-profit organization based in Malaysia and
dedicated to improving relations among people of all cultures and

-2-

faiths.  Compl. ¶¶ 1, 5.  Over the course of five years,
Cordoba's principal and president Imam Feisal Abdul Rauf
developed a close friendship with Deak and Soliman, who are
residents of the District of Columbia.  Id. ¶¶ 2, 6.  Deak and
Soliman attempted to raise funds for Cordoba, acted as advisors
to Cordoba and Rauf, and hosted Rauf in their home for over three
months in 2010.  Id. ¶¶ 7-10.  The complaint avers that based on
the friendship and support Deak showed Rauf and Cordoba, Deak
earned their trust and confidence.  Id. ¶ 12.

     In 2010, Deak suggested to Rauf that Cordoba purchase a
condominium unit located on K Street in Washington, D.C.  Compl.
¶ 14-15.  During Deak's discussions with Rauf, Deak represented
that he had specialized knowledge of the real estate market for
the unit, and that Deak's real estate broker had advised him that
the unit was worth $1,350,000 and would sell for that price.
However, according to the complaint, Deak knew at the time that
his representations about the unit's value were false.  Id.
¶¶ 16-18. Deak did not disclose to Rauf that Deak and Soliman had
purchased that unit less than five months earlier for $567,500.
Id. ¶ 15.

     In October 2010, Deak e-mailed Rauf asking for a total
payment of $1,500,000, with $1,350,000 attributed to the
"property" and $150,000 for anything Cordoba wanted done to the
apartment ("furnishings, special equipment . . ., extra

-3-

appliances, etc.") and for Cordoba's general use.  Deak stated
that the sale of the condominium unit was not a transaction "that
we can, nor would we want to, run through attorneys."  Compl.
¶ 20.  Five days later, Cordoba transferred $1,500,000[1] by wire
to Deak's bank account.  According to the complaint, Deak and
Soliman failed to prepare a sales contract, failed to give
Cordoba a Property Disclosure Statement, and never delivered to
Cordoba or Rauf the title to the unit.  Id. ¶¶ 21-25.

In February 2011, Cordoba learned that Deak and Soliman had
purchased the condominium unit for $567,500 in May 2010.  Compl.
¶ 27.  Cordoba then asked an independent real estate broker what
the asking price of the unit would be.  The broker advised that,
based on the condominium market in the Georgetown neighborhood of
Washington, D.C., the initial asking price for the unit would be
$799,000.  Id. ¶ 28.  In March 2011, Cordoba demanded that Deak
return to Cordoba the $1,500,000.  Deak refused to return any of
the money.  Id. ¶¶ 29-30.

In August 2011, Cordoba filed this complaint against Deak
and Soliman.  The complaint alleges five counts against Deak and
one against Soliman.  The allegations against Deak are common law
fraud (Count I), breach of fiduciary duty (Count II),

---

[1] The structure of the transaction was complex.  Rauf would
be loaning Deak $1,350,000 with interest set at the "statutory
minimum."  Compl. ¶ 20.  Rauf would then have three years to
convert the transaction from a loan to a purchase.  Id.

-4-

misrepresentation (Count III)[2], constructive fraud and negligent

misrepresentation (Count IV), and unjust enrichment (Count V).

The sole allegation against Soliman is for unjust enrichment

(Count V).[3]

Deak and Soliman have moved under Federal Rule of Civil

Procedure 12(b)(6) to dismiss Cordoba's complaint for failure to

state a claim upon which relief can be granted,[4] and in the

alternative to enter summary judgment against Cordoba.  They

argue that the complaint's allegations are based on a contract

between Cordoba and an entity not named in the complaint - -

Deak's company Cause Management, LLC - - that the defendants were

not parties to and therefore are not responsible for, and that

---

[2] The complaint's cause of action titled "misrepresentation"
is substantively duplicative of Count IV's claim of negligent
misrepresentation and constructive fraud.  Cordoba has not
explained the legal basis for that count nor has it cited
authority showing that the District of Columbia recognizes an
independent cause of action for "misrepresentation."  Therefore,
Count III will be dismissed.

[3] Each count in the complaint appears to be alleged under
District of Columbia common law.  Both parties applied District
of Columbia law in their motion papers without engaging in any
choice of law analysis.  Thus, District of Columbia law will be
applied.  See, e.g., Perry v. Scholar, 696 F. Supp. 2d 91, 94 n.1
(D.D.C. 2010); Piedmont Resolution, L.L.C. v. Johnston, Rivlin &
Foley, 999 F. Supp. 34, 39 (D.D.C. 1998) ("The parties have not
raised any choice of law issues and, in their arguments in
support of and in opposition to [the] motion for summary
judgment, all parties have relied solely on District of Columbia
law.  Accordingly, the Court will resolve the motion under
District of Columbia law.").

[4] The defendants do not address the claim for unjust
enrichment in Count V against Deak, however.

all of the obligations flowing from that contract were
extinguished by a valid accord and satisfaction that was signed
on December 31, 2010. Defs.' Mem. in Supp. of. Mot. to Dismiss
or in the Alternative for Summ. J. ("Defs.' Mem.") at 2-3.[5] The

---

[5] To support their argument that judgment should be entered
in favor of the defendants because the plaintiff's claims were
extinguished by a settlement agreement, the defendants cite
material - - namely, agreements between Cause Management and
Cordoba - - that was not referred to in the complaint or relied
on by the complaint. "In deciding a motion brought under Rule
12(b)(6), a court does not consider matters outside the
pleadings, but a court may consider on a motion to dismiss 'the
facts alleged in the complaint, documents attached as exhibits or
incorporated by reference in the complaint,' or 'documents upon
which the plaintiff's complaint necessarily relies' even if the
document is produced not by the plaintiff in the complaint but by
the defendant in a motion to dismiss.'" Carson v. Sim, 778 F.
Supp. 2d 85, 91-92 (D.D.C. 2011) (quoting Gustave-Schmidt v.
Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) and Hinton v. Corr.
Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal
quotation omitted)). Therefore, to rule on that argument, the
defendants' motion would have to be converted into one for
summary judgment. However, if a motion to dismiss is converted
to a motion for summary judgment before discovery, "the court
must make sure both parties have had the opportunity to offer
evidence in support of their factual allegations." Hansen v.
Billington, 644 F. Supp. 2d 97, 104 (D.D.C. 2009). "Summary
judgment is generally appropriate only after the non-moving party
has been afforded an adequate opportunity to conduct discovery."
LanQuest Corp. V. McManus & Darden LLP, 796 F. Supp. 2d 98, 100
(D.D.C. 2011). In its opposition, Cordoba explains that it would
seek through discovery evidence directly relevant to the merits
of the defendants' assertion that these claims were extinguished
by a settlement agreement - - namely, that "Deak may have taken
[a] digital signature [of Rauf's] that Deak already had 'on
file,' affixed it to the disputed [contract] Amendment
[settlement] without . . . authorization, and back-dated the
document to December 31, 2010." Pl.'s Opp'n 14, n.3. In
addition, Cordoba provides enough information to raise legitimate
questions about the validity of the signature by offering email
correspondence between the parties from January 2011
demonstrating that the contract amendment had not yet been signed
on the date Deak claims. Pl.'s Opp'n at 13. Therefore, the

-6-

defendants also argue that Cordoba fails to allege facts that would pierce Cause Management's corporate veil, and that, in general, the complaint fails to allege plausibly that Deak owed Cordoba a duty.  Cordoba opposes.

<u>DISCUSSION</u>

"'A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted.'"  <u>Maib v. FDIC</u>, 771 F. Supp. 2d 14, 17 (D.D.C. 2011) (quoting <u>Peavey v. Holder</u>, 657 F. Supp. 2d 180, 185 (D.D.C. 2009) (citing Fed. R. Civ. P. 12(b)(6))).  "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint."  <u>Smith-Thompson v. Dist. of Columbia</u>, 657 F. Supp. 2d 123, 129 (D.D.C. 2009).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, acceptable as true, to "state a claim to relief that is plausible on its face." . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556, 570 (2007)).  The court must construe the complaint in the light most favorable to the plaintiff and "must assume the truth of all well-pleaded allegations."  <u>Warren v. Dist. of Columbia</u>, 353 F.3d 36, 39 (D.C.

portion of the defendants' motion seeking summary judgment will be denied, and the motion will be treated solely as one to dismiss.

-7-

Cir. 2004).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]"  <u>Twombly</u>, 550 U.S. at 555.

I.  FRAUD

The defendants argue that Count I's claim of fraud against Deak should be dismissed because the complaint failed to allege that Deak owed Cordoba a duty to accurately disclose the value of the condominium unit.  Defs.' Mem. at 4-5.  But under District of Columbia law, a plaintiff claiming fraud must prove "(1) the defendant made a false representation; (2) in reference to material fact; (3) with knowledge of its falsity; (4) with the intent to deceive the plaintiff; (5) the plaintiff acted in reasonable reliance on that representation; (6) which consequently resulted in provable damages."  <u>Essroc Cement Corp.</u> <u>v. CTI/D.C., Inc.</u>, 740 F. Supp. 2d 131, 145 (D.D.C. 2010) (citing <u>C & E Servs., Inc. v. Ashland</u>, 498 F. Supp. 2d 242, 255 (D.D.C. 2007) (internal citation omitted)).  "A claim for fraud may be founded on a false representation or a willful omission." <u>McWilliams Ballard, Inc. v. Broadway Mgmt. Co.</u>, 636 F. Supp. 2d 1, 5 (D.D.C. 2009) (citing <u>Bell v. Rotwein</u>, 535 F. Supp. 2d 137, 144 (D.D.C. 2008) (citing <u>Schiff v. AARP</u>, 697 A.2d 1193, 1198 (D.C. 1997))).

The Federal Rules of Civil Procedure include special pleading standards for fraud.  <u>See</u> Fed. R. Civ. P. 9(b).

-8-

However, when alleging fraud, Rule 9 "permits a plaintiff to
plead generally 'malice, intent, knowledge and other conditions
of a person's mind.'"  McWilliams Ballard, 636 F. Supp. 2d at 6
n.6 (quoting Fed. R. Civ. P. 9(b)).  One who pleads fraud must
"'state the time, place and content of the false
[representations], the fact misrepresented and what was retained
or given up as a consequence of the fraud.'"  United States ex
rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1256
(D.C. Cir. 2004) (quoting Kowal v. MCI Communications Corp., 16
F.3d 1271, 1278 (D.C. Cir. 1994)).  Complaints alleging fraud
must also identify the individuals involved in the fraud.
Martin-Baker Aircraft Co., 389 F.3d at 1256.

     Here, the complaint plausibly alleges all of the elements of
a claim for common law fraud with the particularity required by
Rule 9.  The complaint recites the false representation, who made
it, and when it was made, namely, that Deak falsely represented
the value of the condominium unit as $1,350,000 just before
October 13, 2010.  Compl. ¶¶ 13-17.  The complaint alleges facts
reflecting Deak's intent to deceive when he did not reveal that
he had purchased the unit five months earlier for $567,500.  Id.
¶ 15.  The complaint pleads generally that Deak knew his
representation to be false and material "under conditions which
demonstrate that he intended that these misrepresentations be
treated as an immediate factor inducing action by Cordoba."  Id.

-9-

¶¶ 16-17, 32, 35.  Rauf alleges that based on the special
relationship that he had developed with Deak over the course of
several years, Rauf reasonably relied upon Deak's claim to have
specialized knowledge of the real estate market in the area and
the value of the unit.  Compl. ¶¶ 18, 33.  The complaint also
pleads that Cordoba justifiably relied on Deak's
misrepresentations and material omissions to its detriment,
suffering proximate damages for having purchased an over-priced
condominium unit and never receiving title.  Id. ¶ 37.[6]  Since
fraud is sufficiently pled, the defendants' motion to dismiss
Count I will be denied.

II.  BREACH OF FIDUCIARY DUTY

To make a legally cognizable claim of breach of fiduciary
duty under District of Columbia law, a plaintiff "must allege
facts sufficient to show (1) the existence of a fiduciary
relationship; (2) a breach of the duties associated with the
fiduciary relationship; and (3) injuries that were proximately
caused by the breach of the fiduciary duties."  Armenian Genocide
Museum & Memorial, Inc. v. Cafesjian Family Found., Inc., 607 F.

---

[6] The defendants argue that Cordoba has failed to allege
facts necessary to pierce Cause Management's corporate veil, but
that argument is misguided.  The complaint does not state that it
seeks to impose liability against the defendants for the actions
of Cause Management; it seeks to impose liability against them
for their own activities.  See McWilliams Ballard v. Level 2
Dev., 697 F. Supp. 2d 101, 107 n.8 (D.D.C. 2010) ("Under District
of Columbia law, the individual defendants are liable for torts
in which they participate.").

-10-

Supp. 2d 185, 190-191 (D.D.C. 2009) (citing Paul v. Judicial
Watch, Inc., 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008). "District of
Columbia law has deliberately left the definition of 'fiduciary
relationship' flexible, so that the relationship may change to
fit new circumstances in which a special relationship of trust
may properly be implied." Teltschik v. Williams & Jensen, PLLC,
683 F. Supp. 2d 33, 46 (D.D.C. 2010); see also Council on
American-Islamic Relations Action Network, Inc. v. Gaubatz, 793
F. Supp. 2d 311, 341-42 (D.D.C. 2011) (finding that plaintiff's
factual allegations were sufficient to survive a motion to
dismiss even assuming no contractual relationship existed when
the relationship "extended beyond the normal bounds of a
contractual relationship to form a special relationship founded
upon trust and confidence") (internal citation omitted)).
Whether a fiduciary relationship exists is a fact-intensive
question, and the fact-finder must consider "the nature of the
relationship, the promises made, the type of services or advice
given and the legitimate expectations of the parties." Firestone
v. Firestone, 76 F.3d 1205, 1211 (D.C. Cir. 1996) (quoting Church
of Scientology Int'l v. Eli Lilly & Co., 848 F. Supp. 1018, 1028
(D.D.C. 1994)).

Fiduciary relationships arise when parties develop a certain
amount of trust between themselves.

Broadly stated, a fiduciary relationship is one founded
upon trust or confidence reposed by one person in the

-11-

>        integrity and fidelity of another.  It is said that the
>        relationship exists in all cases in which influence has
>        been acquired and betrayed.  The rule embraces both
>        technical fiduciary relations and those informal
>        relations which exist whenever one man trusts in, and
>        relies upon, another[.]

Church of Scientology Int'l, 848 F. Supp. at 1028 (quoting

Schmidt v. Bishop, 779 F. Supp. 321, 325 (S.D.N.Y. 1991))

(quotation marks omitted).  Due to the fact-intensive nature of

the inquiry, "it is often inappropriate to decide whether a

fiduciary relationship existed even in the context of a motion

for summary judgment."  Gaubatz, 793 F. Supp. 2d at 341 (citing

Firestone, 76 F.3d at 1211).

The complaint sufficiently alleges facts showing a fiduciary

relationship.  Deak allegedly held himself out as a close friend

of Rauf and an advisor to Cordoba for more than five years,

attempted to raise funds on behalf of Cordoba, donated funds to

an affiliate of Cordoba, acted as an advisor to Cordoba's

principals for several years, invited Rauf to stay in his home

for several months, and took affirmative steps to obtain Rauf's

special trust and confidence.  Compl. ¶¶ 6-12.  According to the

complaint, Deak misrepresented the unit's value when he sold it

to Cordoba, id. ¶¶ 16-17, thereby allegedly breaching his

fiduciary duty to Cordoba.  Id. ¶ 41.  The complaint alleges that

Cordoba proximately suffered damages as a result of the breach

and requests a monetary judgment in the amount of its actual

-12-

damages as well as a constructive trust placed on the unit.  Id.
¶ 42.

Deak's claim that the relationship at issue is actually
between Cordoba and Deak's company rather than Deak as an
individual may be relevant as a factual defense, but has no
bearing on whether the complaint alleges a plausible cause of
action for a claim of breach of fiduciary duty.  Since Cordoba's
complaint alleges a fiduciary relationship between Deak and
Cordoba, and Cordoba sufficiently pleads the factual and legal
elements of that claim, the defendants' motion to dismiss
Count II will be denied.

III. NEGLIGENT MISREPRESENTATION AND CONSTRUCTIVE FRAUD

The elements of a claim for negligent misrepresentation
under District of Columbia law are that a defendant (1) made a
false statement or omission of fact involving a material issue;
(2) the statement or omission was in violation of a duty to
exercise reasonable care; (3) the plaintiff reasonably relied to
his detriment on the false information; and (4) the defendant's
conduct was the proximate cause of plaintiff's injury.  C & E
Servs., 498 F. Supp. 2d at 256 (citing Burlington Ins. Co. v.
Okie Dokie, Inc., 398 F. Supp. 2d 147, 153-154 (D.D.C. 2005)).
Whether a plaintiff's reliance was reasonable is a question of
fact that is judged based on the relationship between the

-13-

parties.  C & E Servs., 498 F. Supp. 2d at 260 (citing Cassidy v. Owen, 533 A.2d 253, 256 (D.C. 1987)).

Constructive fraud includes all the same elements as actual fraud except the intent to deceive.  De May v. Moore & Bruce, L.L.P., 584 F. Supp. 2d 170, 185 (D.D.C. 2008) (citing Rick v. United States, 161 F.2d 897, 899 (D.C. 1947) (stating that "neither actual dishonesty nor intent to deceive is the essential element [of constructive fraud]; and negligence so gross as to deceive might be such fraud")).  In addition, constructive fraud requires a plaintiff to demonstrate the existence of a confidential relationship between the plaintiff and defendant, "by which the defendant is able to exercise extraordinary influence over plaintiff."  McWilliams Ballard, Inc., 636 F. Supp. 2d at 6 n.7 (quoting Witherspoon v. Philip Morris, 964 F. Supp. 455, 461 (D.D.C. 1997)) (internal quotation marks omitted).

The complaint bases the claims of fraud, negligent misrepresentation, and constructive fraud on the same set of facts.  Negligent misrepresentation and constructive fraud do not involve an intent to deceive, but a plaintiff must plead facts sufficient to show a confidential relationship between the plaintiff and the defendant and the defendant's duty of reasonable care owed to the plaintiff that would be breached by the defendant's material false statement or omission.  The complaint alleges a fiduciary relationship between Cordoba and

-14-

Deak based on Cordoba's special trust and confidence in Deak
which grew from Deak's advising and supporting Cordoba over
several years.  Compl. ¶¶ 2, 7-10, 12.  Cordoba alleges in Count
III, as it does in Count I, that Deak made a false statement
about the value of the unit and omitted information about the
price Deak paid for it less than five months prior.  Id. ¶¶ 15-
18.  Cordoba claims that it justifiably relied on Deak's
information when it paid $1,500,000 to Deak, and it proximately
suffered damages as a result of both over-payment and Deak's
failure to transfer title of the property.  Id. ¶ 37.  While the
reasonableness of Cordoba's reliance is a question of fact,
Cordoba alleges a fiduciary relationship and special trust
between it and Deak sufficient to allege a plausible cause of
action.  Therefore, the defendants' motion to dismiss Count IV
will be denied.

IV.  UNJUST ENRICHMENT AGAINST SOLIMAN

    The defendants argue that Count V of the complaint does not
allege a plausible cause of action for unjust enrichment against
Soliman because Soliman was not a party to the contract between
Cause Management and Cordoba, and Cordoba "has put forth no basis
for sustaining the cause[] of action against" Soliman.  Defs.'
Mem. at 9.  Under District of Columbia law, a "plaintiff states a
claim for unjust enrichment when: (1) the plaintiff confers a
benefit upon the defendant; (2) the defendant retains the

-15-

benefit; and (3) under the circumstances, the defendant's
retention of the benefit is unjust." <u>Sabre Int'l Sec. v. Torres
Advanced Enter. Solutions</u>, 820 F. Supp. 2d 62, 76 (D.D.C. 2011)
(citing <u>News World Communications v. Thompsen</u>, 878 A.2d 1218,
1222 (D.C. 2005)); <u>see also</u> <u>Jordan Keys & Jessamy v. St. Paul
Fire & Marine Ins.</u>, 870 A.2d 58, 63 (D.C. 2005) (stating that
"[u]njust enrichment occurs when a person retains a benefit
(usually money) which in justice and equity belongs to another").

   The complaint alleges that Cordoba conferred a benefit of
$1,500,000 upon Deak and Soliman and that they both still retain
that benefit. Compl. ¶¶ 60-61. According to the complaint, in
October 2010, Cordoba wired $1.5 million to Deak for the purchase
and use of the unit, believing - - based on Deak's communications
- - that it would receive a sales contract in return. <u>Id.</u> ¶¶ 19-
21. Cordoba never received a sales contract or title to the
property. <u>Id.</u> ¶¶ 22, 25. Cordoba states that Deak and Soliman
used the money, in part, to purchase another condominium unit
nearby. <u>Id.</u> ¶ 26. Cordoba has sufficiently alleged the elements
of unjust enrichment as to both Deak and Soliman, and their
motion to dismiss Count V as to Soliman will be denied.

<u>CONCLUSION AND ORDER</u>

   Cordoba pled sufficient facts to state plausible claims of
fraud, breach of fiduciary duty, negligent misrepresentation and
constructive fraud, and unjust enrichment. Count III alleges a

-16-

cause of action that is duplicative and does not have a basis in District of Columbia law.  Accordingly, it is hereby

ORDERED that the defendants' motion [12] to dismiss, or in the alternative for summary judgment, be, and hereby is, GRANTED in part and DENIED in part.  Count III of the complaint will be dismissed, but the motion is otherwise denied.

SIGNED this 26th day of October, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge