UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
CORDOBA INITIATIVE             )
CORPORATION,                   )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 11-1541 (RWR)
                               )
ROBERT LESLIE DEAK, et al.,    )
                               )
        Defendants.            )
_____)
```

### MEMORANDUM ORDER

Plaintiff Cordoba Initiative Corporation ("Cordoba") filed this lawsuit against Robert Leslie Deak and his wife, Moshira Soliman, alleging that Cordoba was the victim of fraud when Deak misrepresented the value of a condominium unit ("Unit 201") in the District of Columbia, sold it to Cordoba, and did not transfer the title.[1]  The complaint alleges that although Deak promised that he would provide Cordoba with both a lease and a sales contract covering Unit 201 once Cordoba transferred funds, Deak never had a sales contract prepared or transferred title after Cordoba transferred $1.5 million as Deak requested.  Compl. ¶¶ 19-22.  The complaint also alleges that the defendants used the proceeds to buy another condominium in the same building ("Unit 303") two weeks after Cordoba transferred its funds.

---

[1] The background of this case is discussed more fully in Cordoba Initiative v. Deak, Civil Action No. 11-1541 (RWR), 2012 WL 5285132, at * 1-2 (D.D.C. October 26, 2012).

- 2 -

Compl. ¶ 26.  Cordoba asks that a constructive trust be imposed upon both Units.

Cordoba filed the complaint in this matter in August 2011.  Three days later, it filed with the Recorder of Deeds notices of lis pendens on Unit 201 and its accompanying parking spot, and on Unit 303, reflecting the pendency of this action.  Defs.' Mem. in Supp. of Mot. to Cancel Lis Pendens ("Defs.' Mem.") at 2-3.  On April 8, 2013, the defendants entered into a contract to sell Unit 201.  The sale is scheduled to close on May 8, 2013, and is subject to the defendants delivering clear title.  On April 16, 2013, the defendants were approved for a home equity line of credit on Unit 303 contingent on a title search.  Id. at 3.

The defendants have moved to cancel and release the notices of lis pendens.  The defendants argue that the notices are ineffective and were filed improperly because the action does not affect the title to real property, see Defs.' Mem. at 5-6, and that the defendants will be irreparably harmed without cancellation of the notices because they might be unable to complete the sale of Unit 201 and might not receive the home equity line of credit on Unit 303, see Defs.' Mem. at 8-10.  The defendants seek sanctions against the plaintiff for recording the notices.  Id. at 6.  The plaintiff opposes, arguing that recordation was proper since the complaint asserts a proper interest in the Units and seeks a constructive trust on them, and

that the defendants cannot show a liklihood of success on the merits or that the balance of harms or the public interest favors the defendants. Pl.'s Opp'n at 6-8.

I

A notice of lis pendens in the District of Columbia is "effective only if the underlying action or proceeding directly affects the title to or tenancy interest . . . or other ownership interest in real property situated in the District of Columbia[.]" D.C. Code § 42-1207(b). "The purpose of a lis pendens is 'to enable interested third parties to discover the existence and scope of pending litigation affecting property.'" McNair Builders v. 1629 16th St., L.L.C., 968 A.2d 505, 507 (D.C. 2009) (quoting Heck v. Adamson, 941 A.2d 1028, 1029 (D.C. 2008) (internal quotation omitted)). However,

> [a] person with an ownership interest in real property upon which a notice of pendency of action has been filed under this section may . . . file a motion to cancel the notice . . . [and the] court . . . may issue an order canceling the notice of pendency of action prior to the entry of judgment in the underlying action or proceeding if the court finds . . . [t]he moving party will suffer an irreparable injury if the notice is not cancelled; . . . [t]he moving party has demonstrated a substantial likelihood of success on the merits in the underlying action or proceeding; . . . [a] balancing of the potential harms favors the moving party; and [t]he public interest favors cancelling the notice[.]

D.C. Code § 42-1207 (g)-(h). The District of Columbia Court of Appeals has stated, though, that any equitable power a court has to order cancellation of a notice of lis pendens before judgment

- 4 -

in the underlying action "must be exercised parsimoniously." Heck, 941 A.2d at 1030; see also McWilliams Ballard, Inc. v. Level 2 Dev., 697 F. Supp. 2d 101, 111 (D.D.C. 2010) (citing Heck).

II

The defendants' argument that the notices are ineffective is not supported by the record.  The complaint adequately alleges plaintiff's ownership and tenancy interests in Unit 201.  The allegation that Cordoba paid to rent and buy Unit 201 and the owning defendants provided neither a lease nor a sales contract in return directly affects the parties' ownership interests in realty here.

Deak claims that the original transfer of Cordoba funds was not solely for the purchase of Unit 201 but was also in connection with an agreement for Deak's company to provide extensive consulting services to Cordoba.  Deak adds that the parties terminated the consulting services agreement and therefore the notices do not directly affect the title to the Units he owns.  Defs.' Reply at 2.  Whatever additional terms may have attached to the money transfer, Deak's showing does nothing to disprove that one of the purposes of the money transfer was to give Cordoba a tenancy and ownership interest in Unit 201 as the complaint pleads.  To the contrary, Deak's letter asking Cordoba to make the transfer corroborates that purpose.  Defs.' Reply,

Deak Reply Affid. ("Reply Affid."), Ex. D ("Cause Management is prepared to arrange for the transfer to you of a property located at 3030 K Street, NW, Unit 201, Washington DC . . . .  In order to do so, we will need to receive a wire transfer of $1,500,000 . . . .  Once the funds are received, Cause Management will arrange to transfer the property to your control[.]").

The complaint also alleges that Cordoba's funds fraudulently obtained by the defendants to secure Cordoba's interests in Unit 201 were used by the defendants to obtain Unit 303 just two weeks later.  Where one party improperly obtains another's funds and uses them to obtain an interest in real property, a constructive trust upon that property is an available remedy.  Heck, 941 A.2d at 1029.  Seeking such a trust asserts a sufficient ownership interest to support the filing of a notice of lis pendens.  Id. at 1030; McWilliams, 697 F. Supp. 2d at 110.

                                III

The defendants fail to show that they are entitled to an order cancelling the notices.  Their claim of irreparable harm is supported by no more than speculation that they might lose their buyer on Unit 201 and might lose their line of credit on Unit 303.  They do not demonstrate certainty of harm, impossibility of extending deadlines, irretrievable loss of title, preclusion from reapplying for new lines of credit, or other evidence of irreparability.  The defendants make an anemic

- 6 -

showing of likelihood of success on the merits.  Nothing they present dispels the strong evidence of a bargained-for transfer of a property interest in Unit 201 that they at minimum suspiciously failed to honor.  Concerning Unit 303, Deak confirms that he asked Cordoba when he could expect the funds so "we do not lose the other property[,]" Reply Affid., Ex. C, but denies in his reply affidavit that he used any of the funds from Cordoba to purchase Unit 303, Reply Affid. at 17; see also Answer ¶ 26.  Deak's sworn denial may slightly tip the balance against Cordoba on likelihood of success on the merits of the claim for a constructive trust on Unit 303, but it does not overcome the weak showing of irreparable harm if the notice on Unit 303 is not removed.  Nor do the defendants show that the public interest favors removing public notice that litigation is pending over properties as to which colorable showings of fraud have been made.  In light of all of these factors, the balance of harms is insufficient to tilt in favor lifting the notices.

IV

The defendants have not shown that cancelling the notices of lis pendens or imposing sanctions would be proper.  Therefore, it is hereby

ORDERED that the defendants' emergency motion [35] to quash notices of lis pendens be, and hereby is, DENIED.  It is further

- 7 -

ORDERED that the defendants' emergency motion [36] for a hearing on the motion to quash notices of lis pendens be, and hereby is, DENIED as moot.

SIGNED this 6th day of May, 2013.

                                                                          /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge